CAUSE NO. 2014CR2945

State of Texas    PD-1291-14    In the District Court
175th Judicial District
Vs.    Bexar County Texas

FILED IN
COURT OF CRIMINAL APPEALS

JAN 14 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 14 2015

Abel Acosta, Clerk

Steven M. Gary

## Rule 609 Impeachment by Evidence of Conviction of Crime.

Now Comes Defendant Steven M. Gary and moves this Court to dismiss the Habitual Enhancement and In support will show the following:

I. 609 (B) Time limit. Evidence of a conviction under this Rule Is Not admissable If a Period of more than 10 years has elapsed since the date of the conviction or of Release of the wittness from the confinement Imposed for that conviction which ever Is the later date, unless the court determine In the Interest of Justice that the Probative Value of the conviction supported by specific facts and Circumstances substantially outweighs Its prejudicial effect. In which In this Case It doesn't.

The State's presentation for Habitual offender Is based on a primary offense out of Passaic County New Jersey In 1995, Cause No. 95-12-1311-1 at the time of this conviction Robbery In New Jersey as well as Texas was not an aggravat charge.

In this Case Double Jeopardy Protects

against 1) second prosecution for same offense after Conviction and multiple punishments. ILLINOIS V. Vitale. 447 U.S. 410, 100 S. Ct 2260 65 L. ED. 2d 228 1980.

The Double Jeopardy provisions of the fifth amendment of the United States Constitution are applicable to the state of Texas by virtue of the fourteenth Amendment. Taylor V. State, 474 S.W. 2d 207 (Tex. CR. APP. 1971)

Prosecution errored IN fact It Is believed and therefore averred that the "same elements Test" was not done Blockburger V. United States, 284 U.S. 299, 52 S. Ct. 180, 76 L.Ed. 306 (1932)

Non aggravated felony that was enhanced to second degree felony for punishment due to defendants two prior felony Convictions was Not subject to further Enhancement under Habitual offender provision applicable to felony offenses other than Non aggravated felony. State V. Webb (CCR. APP. 200) 12 S.W. 3d 808

Convictions obtained under the former penal Code and used by the prosecutor for enhancement purposes had to be considered 3rd Degree felonies. Since Confinement IN a Penitentiary was affixed to each of these offenses as a possible punishment MORENO V. State (CCR. APP. 1976) 541 S.W. 2d 170. Ramirez V. State (CCR. APP. 1975) 527 S.W. 2d 542.

Further, after researching the Included facts In the Interest of "True Justice" that the Probative Value of the Conviction (Robbery 1995) supported by "specific facts" and Circumstances substantially out weigh It's Prejudicial effect. In which In this case It doesn't.

II. Prayer for Releif. The Defendant for the above Reasons. prayers for any and all releif that Defendant Is Entitled.

I hereby Certify that a copy of the above and foregoing document was delivered to the District attorneys office, Honorable Mary Roman 175th Judicial District Court Bexar, County Texas, fourth Court of appeals, Criminal Court of appeals Via United States Postal Services on the 30th day of December 2014.

By: Steven Mitchell Gary (PRO-SE).
Steven Mitchell Gary

Sandra Lynn Malloy
SANDRA LYNN MALLOY
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 02-22-2015
January 6, 2015